IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEE O. SANDERS,

                        Plaintiff,               Case No. 3:04 CV 7751

               -vs-
                                                 MEMORANDUM   OPINION

UNITED AUTOMOBILE, AEROSPACE,
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, LOCAL 12,
REGION 2B, et al.,

                        Defendant.
KATZ, J.

        This matter is before the Court on Defendant UAW's motion for clarification or

interlocutory appeal (Doc. 97) with regard to this Court's January 24, 2008 opinion and order

(Doc. 94-95).

## I. Background

        Employee and Union Member Mee Sanders filed a lawsuit against Defendant United

Automobile, Aerospace, Agricultural Implement Workers of America, Local 12, Region 2B and

Defendant Union Steward Richard Lott, alleging breach of the duty of fair representation,

discrimination, sexual harassment, retaliation, and ratification. *See* Memo. Opinion, Doc. 94 at

11-12.  The parties filed motions for summary judgment, and this Court granted in part and denied

in part Lott's motion, granted partial summary judgment in favor of Sanders on her discrimination

and breach of duty claims, and denied the Union's motion for summary judgment. *Id.* The Union

has moved for reconsideration of the claims resolved against it.

## II. Reconsideration

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil

Procedure, it is often treated as a motion made under Rule 59(e).  *McDowell v. Dynamics Corp. of*

*America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990).

The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the

court reconsider matters "properly encompassed in a decision on the merits."  *Osterneck v. Ernst*

*and Whinney*, 489 U.S. 169, 174 (1988).  This rule gives the district court the "power to rectify its

own mistakes in the period immediately following the entry of judgment."  *White v. New*

*Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982).  Generally, there are three

major situations which justify a district court altering or amending its judgment:  "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice."  *In re*

*Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion*

*Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993);

*In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991).

It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided;

nor is it a substitute for appeal.  *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D.

Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404

F.2d 35 (6th Cir. 1968).

The Union argues that: (1) Plaintiff's claims should have been denied based on her failure

to exhaust internal remedies; (2) sexual harassment cannot be grounds for a violation of the duty

of fair representation; (3) sexual harassment by the steward cannot serve to make the Union liable;

and (4) the Court misapprehended certain facts and factual disputes by making credibility

determinations.

With regard to all of the Union's complaints, it is important to note that the breach of the

duty of fair representation in this case is not and cannot be a hybrid § 301 claim under the Labor

Management Relations Act, even if Plaintiff attempted to plead it in that light.  The employer is

not a defendant in this case.  As the Union correctly notes, the employer is a defendant in a related

case with the same plaintiff, but the two cases have been separated for good reasons explained

elsewhere by this Court, and the hybrid 301 claim cannot extend across two different cases.  The

breach of the duty of fair representation, as granted and explained by this Court in its

Memorandum Opinion, is based on the well-established sexual harassment claim against the

Union (not merely against Lott).  *See Breininger v. Sheet Metal Workers In'l Ass'n Local Union

No. 6*, 493 U.S. 67, 83 (1989) ("Federal courts have jurisdiction to hear fair representation suits

whether or not they are accompanied by claims against employers.").  As this Court noted:

> A union has a statutory duty to fairly represent all employees in the
> bargaining unit.  *Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953).  A breach
> occurs when a union's conduct toward a member is arbitrary, discriminatory, or in
> bad faith.  *Vaca v. Sipes*, 386 U.S. 171 (1967); *Apperson v. Fleet Carrier Corp.*,
> 879 F.2d 1344 (6th Cir.1989); *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15
> F.3d 573, 585 (6th Cir.1994) (A union breaches the duty in the processing of a
> grievance if it acts by discrimination, in bad faith, or with extreme arbitrariness.).  If
> the union has the sole power to invoke the higher stages of the grievances
> procedure, and the employee has been prevented from exhausting her contractual
> remedies by the union's wrongful refusal to process her grievance, the employee
> may bring a cause of action for breach of the duty of fair representation.  A union
> may not ignore a meritorious grievance or process it only perfunctorily. [*Vaca*, 386
> U.S.] at 190-91.  Although its processing need not be flawless, a union must
> undertake a reasonable investigation of grievances.  *Hines v. Anchor Motor Freight,
> Inc.*, 424 U.S. 554 (1976); *Black*, supra.  The failure to investigate a grievance at all
> may constitute a breach of the duty where the union does not process the grievance
> and the union lacks a factual basis that leads it reasonably to conclude that the
> grievance is without merit.  *Schoonover v. Consolidated Freightways Corp.*, 147

F.3d 492 (6th Cir. 1998); *Service Employees, Local 579 (Beverly Manor Convalescent Center)*, 229 N.L.R.B. 692 (1977); *Newport News Shipbuilding and Dry Dock Co. v. N.L.R.B.*, 631 F.2d 263, 269 (4th Cir. 1980).  When the discrimination is solely alleged to be the result of the union's actions, the union's is the conduct at issue and the employer need not be made a party in the case, and breach of contract need not be made a claim.  *Breininger v. Sheet Metal Workers In'l Ass'n Local Union No. 6*, 493 U.S. 67 (1989).

Doc. 94 at 12-13.

The Court further explained:

A union's breach of the duty of fair representation can be established by evidence showing hostility to the employee, including forms of discrimination or bias.  The duty of fair representation includes the duty not to discriminate on the basis of sex.  *See N.L.R.B. v. Local 106, Glass Bottle Blowers*, 520 F.2d 693 (6th Cir. 1975).  "In fact, it is almost axiomatic that a union's breach of the duty of fair representation also subjects it to liability under Title VII if the breach can be shown to be because of the complainant's race, color, religion, sex, or national origin." *Farmer v. ARA Services, Inc.*, 660 F.2d 1096, 1104 (6th Cir. 1981); *see also Dolittle v. Fuffo*, 1990 WL 2648 at \*3 (N.D.N.Y. 1990)("Labor unions are subject to the dictates of Title VII."); *Wilson v. American Postal Workers Union*, 433 F.Supp.2d 444, 448-49 (D.Del. 2006).  Sexual harassment in the union context constitutes discrimination under Title VII, which makes it discriminatory conduct in violation of the union's duty of fair representation.

*Id*. at 14.

The Court went on to find that the Union was responsible for creating a hostile work environment "as a developing situation that results from, in this case, harassment by a co-worker and fellow Union member without adequate protection (and even with support) from supervisors and Union officials who threatened, manipulated job placements, and displayed a reluctance to help, resulting in a hostile work environment." *Id.* at 17.  The same is true for quid pro quo harassment; although Lott was a central participant, other Union officials and members were also responsible for allowing the harassment to occur.  As part of this pattern of harassment, Plaintiff Sanders was unable to pursue her grievances because Union officials hampered the process a

4

number of times (discussed in the Opinion), including indicating support for Lott, having a

meeting about Plaintiff's complaints in Lott's presence, brushing aside and outright ignoring

Plaintiff's grievances and complaints, seeking to affect Plaintiff's job, and even by asking whether

Plaintiff could resume more-than-friendly relations with Lott.  Accordingly, the exhaustion

defense raised by the Union is inapplicable.  In *Vaca v. Sipes*, cited previously, the Supreme Court

held that:

> We think that another situation when the employee may seek judicial enforcement
> of his contractual rights arises, if, as is true here, the union has sole power under
> the contract to invoke the higher stages of the grievance procedure, and if, as is
> alleged here, the employee-plaintiff has been prevented from exhausting his
> contractual remedies by the union's wrongful refusal to process the grievance.

*Vaca*, 386 U.S. at 196.  Such a situation has been sufficiently established by Sanders, as discussed

in the Opinion.

Finally, as for the Union's complaint that this Court improperly relied on credibility

determinations in its interpretation of the facts in the record, the Court disagrees and here holds

again that the proper standard of review was applied consistently with the shifting burdens

resulting from motions for summary judgment from three different parties.

## III. Interlocutory appeal

An order granting partial summary judgment on liability but not damages is not a final

appealable order and cannot be made one through certification under Rule 54(b). *See, e.g.*

*Hydro-Dyne, Inc. v. Ecodyne Corp.*, 812 F.2d 1407 (6th Cir. 1987); *General Television Arts, Inc.*

*v. Southern Railway Company*, 725 F.2d 1327 (11th Cir. 1984).  A Court may, however, certify

such an order for an interlocutory appeal pursuant to 28 U.S.C. 1292(b). *General Television Arts*,

supra.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

28 U.S.C. 1292(b).

The Court is of the opinion that none of these considerations favor a grant of interlocutory appeal, and the defendant's request for the same is hereby denied.

## IV. Conclusion

For the reasons discussed herein, Defendant's motion is hereby denied.  (Doc. 97.)

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE