IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mee O. Sanders, | Case No. 3:04 CV 7751 |
| Plaintiff, | ORDER RE: MOTIONS IN LIMINE |
| -vs- | JUDGE JACK ZOUHARY |
| U.A.W. Local 12 (Jeep Unit) | |
| and | |
| Richard Lott, | |
| Defendants. | |

**Plaintiff's Motion to Exclude EEOC/OCRC Findings (Doc. No. 129)**
**(Related Doc. No. 153)**

Because the Court finds that any possible relevance of probable cause findings (or not) is clearly outweighed by the danger of unfair prejudice or confusion under Federal Evidence Rules 401-403, the Court grants this Motion. This ruling is supported by Sixth Circuit authority in *Waller v. Thames*, 852 F.2d 569, 569 (6th Cir. 1988) and *Harden v. Dayton Human Rehab. Ctr.*, 520 F. Supp. 769, 773 (S.D. Ohio 1981).

**Plaintiff's Motion in Limine to Exclude Documents (Doc. No. 130)**
**(Related Doc. No. 152)**

The basis for this Motion is the alleged untimely subpoena issued by Defendant UAW for documents to the custodian of employee pay records at Chrysler. The documents were subpoenaed

on August 28, 2008. Documents were received and forwarded to Chrysler and Plaintiff on October 29, 2008, but not to these Defendants. The complaint is that this request came after the discovery cutoff of August 4, 2006. The Court finds that the parties have engaged in additional discovery since August 2006 and that this document request does not violate the spirit of the ongoing discovery in this case. However, parties indicate the documents will not be used at trial and therefore this Motion is denied as moot.

### Plaintiff's Motion in Limine re WC Claims (Doc. Nos. 136 and 146) (Related Doc. No. 151)

Plaintiff seeks to prohibit discussion of Plaintiff's workers' compensation claims or workers' compensation proceedings. The Court agrees that this discussion is not relevant to the claims at trial against Defendants. However, the Court notes, as Plaintiff concedes, that if Plaintiff is making a claim for lost wages, then her physical limitations are relevant to the case because if she was medically unqualified to work, she would not have earned those wages in any event. Therefore, while the reference to workers' compensation claims or payments are inappropriate, reference to Plaintiff's medical conditions, physical limitations and disabilities are relevant. Exhibits that reference workers' compensation can be redacted. In addition, should Plaintiff open the door to her "financial distress" such as filing bankruptcy, then her other sources of income become relevant, including workers' compensation, unemployment and sick pay. With these limitations, the Motion is granted.

The issue has also risen whether workers' compensation benefits will be excluded from any damage award. Plaintiff relies on *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 627 (6th Cir. 1983) to argue that receipt of such benefits fall under the collateral source exclusion. Defendants argue that the exclusion does not apply when the employer is self-insured and, here, Chrysler is self-insured and the Union is entitled, as a pass-through, to the deduction. *Rasimas* notes

2

in footnote 13 that "where contributions to the fund from which the benefits derive are made solely by the defendant, the collateral source rule does not apply." That seems to be the case here.

Plaintiff also refers to *Knafel v. Pepsi-Cola Bottlers*, 899 F.2d 1473, 1480 (6th Cir. 1990) which affirmed the principle that workers' compensation benefits are subject to the collateral source rule. However, in that case, there is no indication whether the defendant was self-insured as Chrysler is in this case.

The Court believes that Plaintiff's medical fitness for work is relevant and that testimony on that point is permissible. See *Prater v. Conrail*, 272 F. Supp. 2d 706, 715-16 (N.D. Ohio 2003). However, parties shall refrain during trial from referring to receipt of workers' compensation benefits. The Court will consider deducting the amount of those benefits from any jury award in favor of Plaintiff. Parties are to submit to the Court the figure for those benefits received by Plaintiff for the time period at issue.

**Plaintiff's Motion for Separation of Witnesses (Doc. No. 137)**
**(Related Doc. No. 155)**

The Court grants this Motion. The parties are reminded that it is their duty to monitor the courtroom to make sure that a prospective witness is not present during the testimony of others. Also, reading deposition transcripts at trial should be conducted by counsel. Finally, Defendant Union is entitled to one representative at counsel table.

**Plaintiff's Motion to Exclude Evidence of Collateral Income Sources**
**(Doc. No. 138) (Related Doc. No. 154)**

With this Motion, Plaintiff appears to ask the Court to exclude evidence of Plaintiff's receipt of unemployment benefits, workers' compensation benefits and sickness and disability benefits as well as gifts from friends or the community while she was unemployed. The Court grants the Motion

3

and there should be no reference to these amounts during trial. However, the Court reserves the right to make an offset for any damage award, because of Plaintiff's receipt of these amounts, after the jury returns its findings. Also, if Plaintiff opens the door to "financial distress," then these other income sources may become admissible.

**Plaintiff's Motion to Limit Defendants' Use of Strikes During Jury Selection (Doc. No. 139) (Related Doc. Nos. 150 and 156)**

The Court believes there is substantial identity of interest between the two Defendants, but not a complete identity. Plaintiff will have three strikes; Defendants jointly will have four strikes to share as they find appropriate. This compromise is supported by all parties. Motion is granted in part and denied in part.

**Defendants' Motion to Exclude Reference to Judge McDonald's Oral Remarks After CPO Hearing (Doc. No. 140) (Related Doc. No. 157)**

The Court finds that Judge McDonald's remarks (for which there is no official transcript and the parties cannot agree on what he said), although appropriate for the hearing that was before him in state court, are not relevant to the issues in this trial and, in any event, are outweighed by potential prejudice or confusion. The Court specifically notes the state court hearing took place **after** the alleged May 2005 assault and could not possibly be relevant to this claim against Lott. Therefore, this Motion is granted pursuant to Federal Evidence Rules 401-403.

**Defendant's Motion to Exclude Evidence re Events After Filing of Amended Complaint (Doc. No. 141) (Related Doc. No. 160)**

Defendant contests any evidence at trial after the filing of the Amended Complaint because it has not had an opportunity to depose Plaintiff on any such incidents and because Plaintiff did not allege any continuing violations after December 2005. Assuming Plaintiff has supplemented discovery responses with evidence of incidents after 2005, and Defendants have had an opportunity

4

to depose Plaintiff on any such incidents, then there has been no surprise and Plaintiff may offer such proof. This Motion is granted in part and denied in part.

### Defendant's Motion in Limine re Claims by Individuals Other Than Plaintiff (Doc. No. 142) (Related Doc. Nos. 149 and 163)

Because Judge Katz has granted partial summary judgment to Plaintiff on her claims for breach of duty of fair representation through hostile work environment and sexual harassment/discrimination, the only issue remaining on this claim is damages. Evidence of the Union's conduct regarding other individuals is not relevant to this issue of damages. This applies equally to Plaintiff's claims for ratification and assault. Unless Plaintiff can somehow show the reliability and relevancy of this anecdotal type of evidence, the Motion is granted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 1, 2008